UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>GIANG VAN DOAN (4),<br><br>                              Defendant. | Case No. 14-cr-225-MMA-4<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 491] |

On May 19, 2015, Defendant Giang Van Doan pleaded guilty to Counts 1 and 2 of a Superseding Indictment for conspiring to distribute methamphetamine and possession with intent to distribute approximately 462.9 grams of methamphetamine (actual) in violation of Title 21, United States Code, sections 841(a)(1) and 846.  *See* Doc. No. 207.  On February 22, 2016, the Court sentenced Defendant to a term of imprisonment of one hundred and sixty-eight (168) months followed by five (5) years of supervised released.  *See* Doc. No. 342.  At the time Defendant filed his motion, he was housed at Federal Correctional Institute Victorville in Victorville, CA ("FCI Victorville").[1]  According to the Bureau of Prisons, Defendant's anticipated release date is January 11, 2026.[2]

---

[1] As will be explained below, Defendant was transferred from FCI Victorville to CI Reeves III in Pecos, Texas ("CI Reeves") on September 27, 2021.  *See* Doc. No. 499 at 7.
[2] *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 09/07/2021).

On August 18, 2021, Defendant, proceeding *pro se*, filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. *See* Doc. No. 491. The Court determined that the matter was not suitable for summary disposition and the government filed a response in opposition to Defendant's motion. *See* Doc. Nos. 495, 499. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## DISCUSSION

Defendant argues that Amendment 798 to the United States Sentencing Guidelines (the "Guidelines") "in combination with his meritorious post-sentencing rehabilitation efforts," justify a reduction in sentence. Doc. No. 491 at 3–4.

The government opposes Defendant's motion. *See* Doc. No. 499. The government explains that Defendant was transferred from FCI Victorville to CI Reeves on September 27, 2021, and thus, "the CI Reeves Warden should be given the opportunity to respond to defendant's request." *Id.* at 7. On this basis, the government argues that Defendant's motion should be denied for failure to exhaust his administrative remedies. *See id.* Alternatively, the government argues that Defendant fails to demonstrate extraordinary and compelling reasons for a reduction. *See id.*

**A.    Relevant Law**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799-800 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)).

> Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, sometimes known as compassionate release, to reduce a sentence for "extraordinary and compelling reasons." For over thirty years, under the original statute, only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. However, as part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the

> defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed.

*United States v. Aruda*, 993 F.3d 797, 799-800 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Section 3582(c)(1)(A), as amended by the First Step Act, currently provides, in pertinent part, that the Court may grant a defendant's motion for reduction in sentence

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Congress provided no statutory definition of "extraordinary and compelling reasons." Moreover, "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'"[3] *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).

---

[3] Many years prior to the First Step Act's modification of section 3582(c)(1)(A), the United States Sentencing Commission published a policy statement addressing the standards for early release. *See* U.S.S.G. § 1B1.13. However, the Ninth Circuit recently explained that section 1B1.13 "is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 802; *accord United States v. Elias*, No. 20-3654, 2021 U.S. App. LEXIS 251, at *2 (6th Cir. Jan. 6, 2021); *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281-21 (4th Cir. 2020). Rather, the "Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Aruda*, 993 F.3d at 802.

B. **Exhaustion**

It is undisputed that Defendant submitted a request for early release to the FCI Victorville Warden in June 2021 and filed the instant motion on August 18, 2021.[4] *See* Doc. No. 491 at 2; Doc. No. 499 at 7. The government does not argue that Defendant's motion is premature. Instead, the government maintains that in light of Defendant's September 27, 2021 transfer from FCI Victorville to CI Reeves, the CI Reeves Warden should have an opportunity to respond. *See* Doc. No. 499 at 7. However, the government fails to provide, and the Court is not aware of, any authority supporting the notion that a post-motion facility transfer requires a renewed early release request or otherwise resets the section 3582(c)(1)(A) exhaustion clock for a pending motion to reduce sentence. The government does not dispute that Defendant was housed at FCI Victorville at the time he submitted his request and filed his motion. And contrary to the government's argument, the Bureau of Prisons did have the opportunity to respond to the June 2021 request and chose not to. Accordingly, the Court finds that Defendant has duly exhausted under 3582(c)(1)(A) and turns to the merits of his motion.

C. **Analysis**

In 2016, the United States Sentencing Commission substantially amended the Guidelines' "crime of violence" section. *See* U.S.S.G., Supp. Appx. C, Amend. 798 (Aug. 1, 2016). The Ninth Circuit has since interpreted Amendment 798 and held that California robbery is not a "crime of violence" under the Guidelines. *See United States v. Bankston*, 901 F.3d 1100, 1102 (9th Cir. 2018). However, the Ninth Circuit has also plainly stated the Amendment 798 is not retroactive. *See id.* at 1105. As noted above, Defendant was sentenced on February 22, 2016. *See* Doc. No. 342. Amendment 798 did

---

[4] The precise date of receipt is unclear. According to Defendant, his request was received by the FCI Victorville Warden on June 7, 2021. *See* Doc. No. 491 at 2. In opposition, the government "concedes that Defendant submitted a request to the FCI Victorville Warden on June *22*, 2021, and further that the Warden did not respond to this request within 30 days." Doc. No. 499 at 7 (emphasis added). Nonetheless, the discrepancy is immaterial. Under either calculation, Defendant's August 18, 2021 motion is well outside of the thirty-day window. *See* 18 U.S.C. § 3582(c)(1)(A).

not go into effect until August 1, 2016. *See* 18 U.S.C. § 4B1.2. Thus, Amendment 798 itself does not provide a basis for reducing Defendant's sentence under section 3582(c)(2).

Seemingly recognizing this, Defendant instead argues that in light of Amendment 798, the Court should grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Doc. No. 491 at 5 ("[S]everal federal courts have held that sentencing disparities created by criminal law reforms; and changes in law can be considered as part of a compassionate release/reduction in sentence motion.").

### 1. *Extraordinary and Compelling Reasons*

Defendant argues that pursuant to Amendment 798, his prior convictions for robbery under the California Penal Code are no longer "crimes of violence" under the Guidelines, *see* Doc. No. 491 at 4, and thus, if sentenced today, his term of imprisonment would be 120 months, *see id.* at 3. This discrepancy, in combination with his rehabilitative efforts, he says, warrant a reduction in sentence.

As noted above, Amendment 798 is not retroactive. If amendments to the Guidelines alone equated to "extraordinary and compelling," then all amendments would be retroactive. Of course, the fact that Amendment 798 was not categorically made retroactive does not prohibit the Court from considering the change among other considerations for the purpose of compassionate release.

Defendant explains that he is a model inmate, has received excellent work evaluations at his inmate job, maintains strong family ties, has a medium risk of recidivism, and has completed several ACE classes and programs. *See* Doc. No. 491 at 8. The Court acknowledges that Defendant appears to have worked diligently during his incarceration, taking multiple opportunities to educate himself and otherwise engage in self-betterment. But even accepting Defendant's 120-month calculation, a sentencing discrepancy of 48 months is not sufficiently great to satisfy the "extraordinary and compelling" standard, *cf. United States v. McPherson*, 454 F. Supp. 3d 1049, 1050 (W.D. Wash. 2020) (finding "extraordinary and compelling" a sentencing discrepancy of 15

years); *U.S.A. v. Defendant(s)*, No. 2:99-CR-00257-CAS-3, 2020 WL 1864906, at *3 (C.D. Cal. Apr. 13, 2020) (finding "extraordinary and compelling" a sentencing discrepancy of 45 years); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019) (finding "extraordinary and compelling" a sentencing discrepancy of 40 years), even when taken in combination with Defendant's rehabilitative efforts, *cf. United States v. Stephenson*, 461 F. Supp. 3d 864, 873 (S.D. Iowa 2020) (finding a combination of defendant's high risk for COVID-19, "exemplary rehabilitation" (earning an associate degree, maintaining a clear disciplinary record, completing a 500-hour Residential Drug Abuse Program), and a five year sentencing disparity constituted "extraordinary and compelling" reasons); *United States v. Brown*, 457 F. Supp. 3d 691, 701 (S.D. Iowa 2020) (finding a combination of COVID-19, defendant's "remarkable" rehabilitative efforts, and a sentencing discrepancy of 15 to 20 years constituted "extraordinary and compelling" reasons); *United States v. Lawrence*, No. 17-20259, 2021 U.S. Dist. LEXIS 42604, at *3 (E.D. Mich. Mar. 8, 2021) (finding a combination of COVID-19, obesity, and a 90 month sentencing discrepancy constituted "extraordinary and compelling" reasons); *United States v. Adams*, No. 3:04-CR-30029-NJR, 2020 U.S. Dist. LEXIS 117771, at *12 (S.D. Ill. July 6, 2020) (finding a combination of the COVID-19 pandemic, a discrepancy of 116 months, and the defendant being a "model inmate" for 14 years constituted "extraordinary and compelling" reasons); *Wise v. United States*, No. ELH-18-72, 2020 U.S. Dist. LEXIS 90431, at *18 (D. Md. May 20, 2020) (finding a combination of COVID-19 and the defendant's "medical conditions and age" constituted "extraordinary and compelling" reasons); *United States v. Ennis*, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *6 (W.D. Tex. May 14, 2020) (finding a combination of defendant's age 71 years old and severe risk posed by COVID-19 due to several serious medical conditions constituted "extraordinary and compelling" reasons); *United States v. Cantu-Rivera*, No. CR H-89-204, 2019 WL 2578272, at *1 (S.D. Tex. June 24, 2019) (finding a combination of defendant's age and the fact that defendant had served 30 years of a life sentence

constituted "extraordinary and compelling" reasons); *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *5 (D. Utah Feb. 18, 2020), *aff'd*, 993 F.3d 821 (10th Cir. 2021) (finding a combination of defendant's age, the length of sentence imposed, and the fact that defendant would not receive the same sentence if the crime occurred today constituted "extraordinary and compelling" reasons).

More importantly, however, Defendant's custodial sentence of 168 months is less than he would have received if sentenced today in accordance with Amendment 798. It is unclear how Defendant calculated his 120-month figure. Nonetheless, as the government explains, Defendant is incorrect. *See* Doc. No. 499 at 9. According to Defendant's own Sentencing Summary Chart, his total offense level was 34. *See* Doc. No. 330 at 2. Assuming Amendment 798 would result in no Chapter Four enhancement, an offense level of 33 with a Criminal History Category of IV[5] results in the Guideline range of 188 to 235 months—greater than Defendant's 168-month sentence. Accordingly, even if the Court were inclined to retroactively apply Amendment 798 to Defendant through the compassionate release provision of section 3582, Defendant would not be entitled to a sentence reduction because there is simply no sentence discrepancy; applying Amendment 798 would still result in a higher Guideline range than the term Defendant is currently serving.[6] Therefore, the Court finds that Amendment 798, even taken in conjunction with Defendant's rehabilitative efforts, does not satisfy the "extraordinary and compelling" standard.

    2.    *Sentencing Factors*

Moreover, even if the Court concludes that Amendment 798, as applied to Defendant, satisfies the "extraordinary and compelling" standard, the Court must still

---

[5] As the government explains, Defendant scored 9 criminal history points, resulting in a Criminal History Category of IV. *See* Doc. No. 499 at 9.

[6] This is because, as explained below, the Court sentenced Defendant to a term in prison *well* below even the low end of the applicable Guideline range and U.S. Probation's recommendation.

consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) provides:

> Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range established for—
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... [;]
>
> (5) any pertinent policy statement ... [;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant's conviction offenses in this case, while non-violent, were extremely serious. Moreover, his criminal history includes multiple convictions including robbery with a firearm, burglary, and drug possession. *See* Doc. No. 499 at 4. These offenses, together with his admitted drug use, documented association with a criminal street gang, and multiple previous arrests for petty crimes against the community, indicate that there is a risk of danger to the community. *See* Doc. No. 502 (SEALED Government's Exhibit 4); *see also* U.S.S.G. § 1B1.13(2) (although not binding, the Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)").

The Court recognizes that Defendant has served more than half of the custodial term of his sentence. But the Court already sentenced Defendant to a term of imprisonment significantly below the applicable Guidelines range (262 to 327 months) and was ultimately significantly less than the 200-month custodial term suggested by United States Probation. *See* SEALED Government's Exhibit 4. Moreover, a reduction in his 168-month term would hazard creating an "unwarranted" disparity in Defendant's sentence and would fail to reflect "the kind of sentence . . . established for—the applicable category of offense . . . ." 18 U.S.C. § 3553(a)(4)(A).

Therefore, upon consideration of all the factors set forth in section 3553(a), namely, § 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense"), § 3553(a)(1) ("the history and characteristics of the defendant"), and § 3553(a)(2)(B) ("to afford adequate deterrence to criminal conduct"), the Court finds that the sentencing factors also weigh against granting Defendant's request for early release.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for a reduction in sentence.

**IT IS SO ORDERED**.

Dated: October 15, 2021

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge