UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>GIANG VAN DOAN (4),<br><br>         Defendant. | Case No. 14-cr-225-MMA-4<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Doc. No. 508] |

On May 19, 2015, Defendant Giang Van Doan pleaded guilty to Counts 1 and 2 of a Superseding Indictment for conspiring to distribute methamphetamine and possession with intent to distribute approximately 462.9 grams of methamphetamine (actual) in violation of Title 21, United States Code, sections 841(a)(1) and 846. Doc. No. 207. On February 22, 2016, the Court sentenced Defendant to a term of imprisonment of one hundred and sixty-eight (168) months followed by five (5) years of supervised released. Doc. No. 342. Defendant, proceeding *pro se*, previously moved to for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Doc. No. 491. The Court denied

---

[1] At the time Defendant filed his motion, he was housed at Federal Correctional Institute Victorville in Victorville, CA. According to the Bureau of Prisons, Defendant's anticipated release date is January 11, 2026. *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 11/15/2021).

Defendant's motion. Doc. No. 503. Defendant now asks the Court to reconsider that Order.

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, circuit courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted . . . , post-judgment motions for reconsideration may be filed in criminal cases."); *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases."); *United States v. Mendez*, 2008 U.S. Dist. LEXIS 120217, at *5 (C.D. Cal. June 25, 2008) (ruling on a motion seeking reconsideration of an order denying a defendant's request that the government be directed to provide a list of its potential witnesses at trial); *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C. D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007) (ruling on a reconsideration motion regarding an order denying a motion to suppress). "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *Mendez*, 2008 U.S. Dist. LEXIS 120217, at *5 (first citing *Hector*, 368 F. Supp. 2d at 1063; and the citing *Fiorelli*, 337 F.3d at 286).

Defendant cites to Federal Rule of Civil Procedure 59(e) as the basis for his entitlement to relief. Doc. No. 508 at 1. Civil Procedure Rule 59(e) authorizes motions to alter or amend a judgment. Fed. R. Civ. P. 59(e). Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted). "A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised

before." *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." *Id.* (internal quotation marks and citation omitted).  This is because Rule 59(e) may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment.  *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486–87 (2008); *see also Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988) (finding denial of a Rule 59(e) motion proper where the motion "presented no arguments that had not already been raised in opposition to summary judgment").

Having reviewed the present motion, it is clear that Defendant merely disagrees with the Court's findings and solely seeks to relitigate his reduction in sentence motion.  Importantly, in the Order, the Court accepted Defendant's 120-month calculation—a "commensurate reduction of 94 months"—and nonetheless found that he was not entitled to a reduction in sentence.  Doc. No. 503 at 5.  Defendant does not explain how the Court's finding that "a sentencing discrepancy of 48 months is not sufficiently great to satisfy the extraordinary and compelling standard . . . even when taken in combination with Defendant's rehabilitative efforts," *id.* at 5–6, or analysis of the 18 U.S.C. § 3553(a) sentencing factors, *id.* at 9, are clearly erroneous.  Nor does Defendant identify any newly discovered evidence or cite to any intervening change in controlling law.  Accordingly, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

Dated:  November 30, 2021

HON. MICHAEL M. ANELLO
United States District Judge