# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>v.<br><br>GIANG VAN DOAN (4),<br><br>                             Defendant. | Case No. 14cr225-MMA-4<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>[Doc. No. 535] |

On May 19, 2015, Defendant Giang Van Doan pleaded guilty to Counts 1 and 2 of a Superseding Indictment charging him with conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* Doc. No. 207. On February 22, 2016, the Court sentenced Defendant to a total term of imprisonment of one hundred and sixty-eight (168) months followed by a five-year term of supervised release. *See* Doc. No. 342. Defendant is projected to be released from custody on January 11, 2026.[1]

---

[1] *See* Federal Bureau of Prisons Online Inmate Locator, *available at* https://www.bop.gov/inmateloc (last visited Sept. 18, 2023).

Pending before the Court is Defendant's third request for relief under 18 U.S.C. § 3582(c). In August 2021, Defendant filed a motion to reduce his sentence pursuant to § 3582(c)(1)(A)(i). *See* Doc. No. 491. The Court referred the motion to Federal Defenders for review pursuant to General Order 692-B, *see* Doc. Nos. 492, 494, and directed the government to respond, *see* Doc. Nos. 495, 499. On October 15, 2021, the Court denied Defendant's motion. *See* Doc. No. 503. Thereafter, Defendant filed a motion for reconsideration, *see* Doc. No. 508, which the Court denied, *see* Doc. No. 509. Defendant appealed and the Ninth Circuit affirmed. *See* Doc. Nos. 511, 518.

On May 31, 2023, Defendant submitted a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Doc. No. 524. The Court referred the motion to Federal Defenders for review, *see* Doc. Nos. 525, 527, and directed the government to respond, *see* Doc. Nos. 528, 529. The Court denied Defendant's motion for failure to demonstrate he exhausted his administrative remedies without prejudice to renewal upon a sufficient demonstration that Defendant has fully exhausted his administrative remedies and otherwise qualifies for such relief. *See* Doc. No. 533.

On August 8, 2023, Defendant filed a renewed motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* Doc. No. 535. The Court referred the motion to Federal Defenders for review. *See* Doc. Nos. 536, 537. The government opposes Defendant's motion, *see* Doc. No. 539, and Defendant has filed a reply, *see* Doc. No. 540.

### DISCUSSION

Defendant puts forth several arguments in support of his motion. He asserts that if sentenced today, he would not be subject to the career offender enhancements, or would otherwise receive a lesser sentence based upon a methamphetamine purity disparity. He also contends that because he is not a citizen of the United States, his sentence is disparate, and that the Attorney General's December 2022 Sentencing Memorandum compels a reduction in his sentence. The government opposes, arguing that Defendant is either incorrect or that these circumstances do not warrant relief.

A.   **Relevant Law**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799–800 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)).

> Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, sometimes known as compassionate release, to reduce a sentence for "extraordinary and compelling reasons." For over thirty years, under the original statute, only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. However, as part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed.

*Aruda*, 993 F.3d at 799–800 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Section 3582(c)(1)(A), as amended by the First Step Act, currently provides, in pertinent part, that the Court may grant a defendant's motion for reduction in sentence

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is *consistent with applicable policy statements issued by the Sentencing Commission*[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Congress provided no statutory definition of "extraordinary and compelling reasons." Many years prior to the FSA's modification, the United States Sentencing Commission published a policy statement addressing the standards for compassionate release. *See* U.S.S.G. § 1B1.13. However, section 1B1.13 "is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 802. Therefore "[t]here is as of now no 'applicable' policy statement governing

compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).[2] In fact, district courts must consider all circumstances proffered by a defendant that are neither frivolous nor congressionally barred from consideration. *See United States v. Concepcion*, 142 S. Ct. 2389, 2396 (2022); *see also United States v. Chen*, 48 F.4th 1092, 1095 (9th Cir. 2022).

**B.   Exhaustion**

This Court has jurisdiction over a sentencing reduction motion only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring [such] a motion on [their] behalf"; or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).

It is undisputed that Defendant has exhausted his administrative remedies. *See* Doc. No. 535 at 4; Doc. No. 539 at 7. Defendant submitted a compassionate release request to the Warden of FCI Berlin on July 20, 2023. Doc. No. 535 at 4. The Warden responded on July 21, 2023, and as a practical matter, denied his request. *Id.* Accordingly, the Court finds that Defendant has duly exhausted his administrative remedies and turns to the merits of his motion.

---

[2] The United States Sentencing Commission has submitted Adopted Amendments to the Sentencing Guidelines to Congress, which, assuming no congressional action to the contrary, will become effective on November 1, 2023. *See* U.S. Sentencing Commission, Guidelines, Amendments, *available at* https://www.ussc.gov/guidelines/amendments. Because these amendments are not yet effective, they do not appear to be binding on the Court. It is not clear if the Court is permitted to consider them in any capacity at this time, and so the analysis below is not guided by them. However, assuming the forthcoming amendments may be relevant to the Court's analysis, it appears clear that Defendant's situation does not fit within any of the enumerated circumstances, thus supporting the Court's independent determination that Defendant is not entitled to relief.

**C.     Analysis**

The Court begins by noting that it has already rejected Defendant's argument relating to Amendment 798 to the United States Sentencing Guidelines. *See* Doc. No. 503 at 4–7. The Court incorporates its prior Order by reference, *see* Doc. No. 503, and reiterates that this amendment does not weigh in Defendant's favor on the extraordinary and compelling analysis. Even assuming Defendant would not be subject to the career offender enhancement today, the resulting Guidelines range for a total offense level of 34 and a Criminal History Category of IV is 188–235 months in custody. Defendant's sentence of 168 months is less than he claims he would receive with the benefit of Amendment 798. As such, there is simply no sentencing disparity resulting from Amendment 798.

Next, Defendant asks the Court to reduce his sentence based upon the distinction between methamphetamine and actual methamphetamine. According to Defendant, if he was sentenced without the 10:1 actual methamphetamine enhancement (and the career offender enhancement), his total offense level would be 29 and his Criminal History Category would be IV, resulting in a Guidelines range 121–151 months.[3]

Defendant pleaded guilty to conspiracy to distribute more than "50 grams of methamphetamine *(actual)*" and possession with intent to distribute "approximately 462.9 grams of methamphetamine *(actual)*." Doc. No. 207 (emphasis added). Nonetheless, Defendant seemingly asks the Court to reduce his sentence to reflect a conviction of methamphetamine mixture, or some other drug. The Court is not persuaded. That other courts have since taken a policy-driven position in disagreement with the Sentencing Commission's distinction between pure methamphetamine and methamphetamine mixture is not an extraordinary and compelling reason to reduce

---

[3] According to Defendant's calculation, without the enhancements his base level offense would have been 30. With a two-level increase under USSG § 2D1.1(b)(5) and three level decrease for acceptance of responsibility, his total offense level would have been 29. The resulting Guidelines range for this level with a Criminal History Category of IV is 121–151 months. *See* Doc. No. 535 at 1.

Defendant's sentence by 17–47 months.[4]

Moreover, Attorney General Garland's December 2022 Memorandum[5] does not assist Defendant in demonstrating extraordinary and compelling reasons to grant his motion. According to Defendant, Attorney General Garland's policy since 2022 is to not use career offender enhancements or hold defendants to mandatory minimums if certain criteria are met. *See* Doc. No. 535 at 2.

Defendant was not sentenced to a mandatory minimum term in custody. While his charges and conviction carried a mandatory minimum sentence of 10 years, Defendant was sentenced to 14 years. This was simply not the case where the Court wished to impose a lower sentence but could not because of a mandatory minimum. Moreover, the criteria Defendant identifies applies to the Justice Department's position on whether to charge defendants with offenses subject to mandatory minimums. It is not clear that Defendant would have benefitted from this policy change had it been in effect at the time of his indictment, or when he was subsequently charged by Information. Even assuming Defendant satisfied some or most of the criteria, the Memorandum advises that prosecutors are to carefully review the circumstances and exercise their discretion in determining whether a Title 21 charge carrying a mandatory minimum is appropriate. It is not extraordinary or compelling that the prosecutor may have hypothetically exercised his discretion in the instant case. Nor is it extraordinary or compelling that the government has since developed a more lenient or discretionary position on charging defendants, which may have hypothetically applied to Defendant. For these reasons,

---

[4] Even accepting Defendant's calculation—i.e., accepting that the Court would have taken this policy-driven position resulting, in combination with Amendment 798, in this Guidelines range, for the reasons explained in the prior Order, *see* Doc. No. 503 at 5–7 (collecting cases), the Court finds a discrepancy of 17–47 months is not extraordinary or compelling on these facts.

[5] Attorney General Garland's memorandum is not a change in law—it is an internal office document providing policies "solely for the guidance of attorneys for the government." *See* Office of the Attorney General, Memorandum for All Federal Prosecutors – Additional Department Policies Regarding Charging, Pleas, and Sentencing in Drug Cases (dated Dec. 16, 2022), *available at* https://www.justice.gov/media/1265321/dl?inline.

Attorney General Garland's December 2022 Memorandum does not assist Defendant in demonstrating that he is entitled to a reduction in sentence. *Cf. United States v. Fernandez*, 2023 U.S. Dist. LEXIS 47971, at *9–10 (S.D.N.Y. Mar. 21, 2023); *United States v. Sanctioned/Barred Justin Paul Sterling 01*, No. 2:05-CR-20061-01, 2023 U.S. Dist. LEXIS 60350, at *8 (W.D. La. Apr. 4, 2023).

Finally, Defendant contends he faces extraordinary and compelling circumstances because he is not a citizen of the United States. According to Defendant, because he is not a U.S. citizen he cannot receive the benefit of placement in a halfway house or home confinement, nor can he participate in R-DAP or earn First Step Act credits to reduce his sentence. Doc. No. 535 at 2. Defendant asserts that the Court has the authority to grant a "*Smith* Variance" on these facts. *Id.*

*United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994), held that "a downward departure," in sentencing, "may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence." However, Defendant has already been sentenced, and federal law prohibits the Court from "modify[ing] a term of imprisonment once it has been imposed," except when presented with "extraordinary and compelling reasons." 18 U.S.C. § 3582(c). The fact that all non-U.S. citizens in federal prison face these same circumstances necessarily undermines Defendant's position that these circumstances are extraordinary and compelling. *See United States v. Carlos-Tofolla*, No. 1:17-cr-00343-DCN, 2023 U.S. Dist. LEXIS 87630, at *9 (D. Idaho May 16, 2023) ("If a set of circumstances applies to much of the prison population, it cannot be said to be extraordinary."). Moreover, it is within the Bureau of Prisons' discretion to "designate the place of the prisoner's imprisonment," 18 U.S.C. § 3621(b), including a reentry facility or home confinement, *id.* § 3624(c), and implement the FSA's good conduct time credits provision, *id.* § 3624(b). To the extent Defendant challenges the execution of his sentence in any of these respects, he should seek relief pursuant to 28 U.S.C. § 2241 in the district in which he is confined. Accordingly, that Defendant's circumstances and opportunities are

different from U.S. citizens—while the same for all non-citizens—is not extraordinary and compelling.

Because the Court finds that Defendant has not presented extraordinary and compelling circumstances warranting a reduction in his sentence, the Court need not assess whether the sentencing factors set forth in 18 U.S.C. § 3553(a) support such relief. Nonetheless, for the reasons explained in its prior Order, *see* Doc. No. 503 at 8–9, the Court finds that the sentencing factors weigh against granting relief.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for a reduction in sentence.

**IT IS SO ORDERED**.

Dated: October 23, 2023

HON. MICHAEL M. ANELLO
United States District Judge